UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jamestown Villas Homeowners
Association, *a Minnesota non-profit
corporation,*

                Plaintiff,

v.

State Farm Fire and Casualty Company
*an Illinois insurance company*,

                Defendant.

Civil No. 23-3475 (DWF/DLM)

**MEMORANDUM
OPINION AND ORDER**

## INTRODUCTION

This matter is before the Court on Plaintiff Jamestown Villas Homeowners Association's ("Plaintiff") motion to resubmit the matter to the appraisal panel for reconsideration and stay further proceedings.  (Doc. No. 28.)  Defendant State Farm Fire and Casualty Company ("State Farm" or "Defendant") opposes the motion.  (Doc. No. 35.)  For the reasons set forth below, the Court grants the motion.

## BACKGROUND

Plaintiff is a residential common interest community association consisting of multiple condominium buildings in Eden Prairie, Minnesota.  (Doc. No. 32 at 2.)  A severe hailstorm damaged the roofs of some of Plaintiff's buildings in August 2020.  (Doc. No. 31 ¶ 4.)  At the time, the buildings were insured by Defendant.  (*Id.* ¶ 5.)  Plaintiff retained Gavnat and Associates to handle the claim process, who subsequently assigned Jason Callais to the matter.  (*Id.* ¶ 3.)

After initial inspection of the damage, the parties agreed that the roof valley metals were damaged from the hail and replacement of the metals would also require replacement of the surrounding shingles.  (*Id.* ¶ 9.)  Under Plaintiff's insurance policy with Defendant, if a reasonable match to the original shingles was found, only a partial roof replacement was covered.  (*Id.* ¶¶ 7-11, 15.)  If no match was located, a full roof replacement would be covered.  (*Id.*)  Callais used State Farm's Resource Locator Service to identify potentially matching replacement shingles.  (*Id.* ¶ 12.)  The only potential match available was "GAF Timberline HDZ" ("Timberline") in the color "Charcoal".  (*Id.*)  Callais ordered a bundle of Timberline shingles to make an onsite comparison.  (*Id.* ¶ 13.)  Callais and Plaintiff determined that the Timberline shingles were not a reasonable match for the original shingles.  (*Id.* ¶ 14.)  Then, Callais requested a full roof replacement, which Defendant denied.  (*Id.* ¶ 16.)  Instead, Defendant asked Callais to repair some of the roof valleys using the Timberline shingles, after which they would re-evaluate whether they constituted a reasonable match.  (*Id.*)  A contractor completed the sample repairs on June 24, 2022.  (*Id.* ¶ 17.)

After the sample repairs were completed, the parties could not agree on the valuation or matching issue, so Plaintiff sought appraisal as required under the insurance policy and Minnesota state law.  *See* Minn. Stat. § 65A.26 (2023).  Under Minnesota state law, appraisal panels are used to determine the amount of loss, and the written award is "final and conclusive."  *Id.*  After submission of evidence by both parties, a three-person appraisal panel held an appraisal hearing at Plaintiff's buildings.  (Doc. No. 31 ¶ 20-21.)  The appraisal panel issued its Appraisal Award on August 24, 2023, valuing the "Loss

Replacement Cost" at $52,482.81 and "Loss Actual Cash Value" at $47,606.23. (Doc. No. 31 at 146-47.)

Along with the one-page Appraisal Award, the appraisal panel issued a few "clarification" documents. "Clarification 1" contains the statements primarily at issue in this case. Question 1 from Clarification 1 states: "DO THE SAMPLES PRESENTED AND OBSERVED ON AUGUST 23, 2023 REPRESENT A REASONABLE UNIFORM APPEARANCE? THE SAMPLES WERE VERIFIED TO BE GAF TIMBERLINE HDZ-CHARCOAL." (*Id.* at 147.) The answer is marked "YES." (*Id.*) Question 2 from Clarification 1 states: "DO THE SHINGLES USED IN THE REPAIR OF THE VALLEYS REPRESENT A REASONABLE UNIFORM APPEARANCE? THE CONTRACTOR'S INVOICE INDICATE [sic] GAF MN TIMERLINE HDZ SHINGLES WERE USED TO REPAIR THE VALLEYS." (*Id.*) The answer is marked "NO." (*Id.*) The panel included the replacement cost and cash value numbers again in Clarification 1, as well as the cost to fully replace the roofs as $742,163.80, with the actual cash value as $0. (*Id.* at 148.)

Plaintiff contends that this creates an ambiguity in the Appraisal Award because the same Timberline shingles were presented to the panel as samples and used in the sample valley repair that the panel observed. Whether the Timberline shingles create a reasonably uniform appearance impacts whether Plaintiff is entitled to coverage of a partial or full roof replacement under its insurance policy with Defendant.

3

**DISCUSSION**

An appraisal award is presumed valid and "will not be vacated unless it clearly appears that it was the result of fraud . . . or wrongdoing on the part of the appraisers." *Mork v. Eureka-Security Fire & Marine Ins. Co.*, 42 N.W.2d 33, 38 (Minn. 1950). Separately, when an appraisal award is ambiguous, a court is required to resubmit the claim to the panel so that the panel may "consider whether to modify or correct the award." Minn. Stat. § 572B.20(d)(3) (2024).[1] "A reviewing court is 'prohibited from ignoring the ambiguity and summarily affirming the award.'" *Herll v. Auto-Owners Insurance Company*, 879 F.3d 293, 296 (8th Cir. 2018) (quoting *Menahga Educ. Ass'n v. Menahga Indep. Sch. Dist. No. 821*, 568 N.W.2d 863, 869 (Minn. Ct. App. 1997)). "As in other contexts, an appraisal award is ambiguous when it is 'reasonably susceptible of

---

[1] In *Oliver v. State Farm Fire and Casualty Insurance Co.*, the Minnesota Supreme Court held that fire insurance appraisals are not governed by the Minnesota Uniform Arbitration Act ("MUAA") because they are not agreements to arbitrate. *Oliver v. State Farm Fire & Cas. Ins. Co.*, 939 N.W.2d 749, 753 (Minn. 2020). This has been interpreted to apply more broadly to all appraisals prescribed by insurance statutes. *See Savanna Grove Coach Homeowners' Ass'n v. Auto-Owners Ins. Co.*, No. 19-cv-1513 (ECT/TNL), 2020 WL 3397312, at *2-3 (D. Minn. June 19, 2020). Other judges in this district have addressed *Oliver* and continue to apply the MUAA provisions in cases involving the interpretation of appraisal awards because of the shared underlying policy of appraisal awards and arbitration awards. *See Maplebrook Estates Homeowner's Ass'n v. Hartford Fire Ins. Co.*, No. 21-cv-1532 (SRN/DJF), 2023 WL 5021164, at *10 (D. Minn. Aug. 7, 2023); *Cincinnati Ins. Co. v. Rymer Cos., LLC*, No. 19-cv-1025 (ECT/TNL), 2023 WL 088401, at *3 (D. Minn. June 20, 2023). The Minnesota Court of Appeals has unambiguously reiterated that the MUAA does not apply to appraisal awards but confirmed that "*Oliver* did not eliminate a district court's authority to modify an appraisal award." *Blueberry Bowl, LLC v. Midwest Fam. Mut. Ins. Co.*, No. A23-0739, 2023 WL 4043806, at *2 (Minn. Ct. App. June 13, 2023). Taking all of this in mind, the Court will continue to apply the MUAA's framework to review appraisal awards and determine whether resubmission to the appraisal panel for further clarification is required.

4

more than one interpretation.'" *Maplebrook Estates Homeowner's Association, Inc. v. Hartford Fire Insurance Company*, No. 21-cv-01532, 2023 WL 5021164, at *10 (D. Minn. Aug. 7, 2023) (quoting *Herll*, 879 F.3d at 296); *Art Goebel, Inc. v. N. Suburban Agencies, Inc.*, 567 N.W.2d 511, 515 (Minn. 1997).

The key question in this case is whether the appraisal panel's award is ambiguous. The ambiguity in this case arises from Clarification 1, which is attached to the initial Appraisal Award. Question 1 asks about the appearance of the shingles the panel observed that were not used in the sample repair. Question 2 asks about the appearance of the shingles that were used in the sample repair completed on the buildings in June of 2022. These shingles are the same, both the Timberline shingles, so the answer to each question should be the same. However, the panel answered Question 1 in the affirmative and Question 2 in the negative. Applying the ambiguity standard, a party could reasonably argue that the Timberline shingles did represent a reasonable match to the original shingles, or that the Timberline shingles did not represent a reasonable match to the original shingles. Because either of these interpretations could be reasonable, the award is ambiguous.

This ambiguity is central to the settlement of the disagreement between the parties. The parties sought decision from the appraisal panel after they disagreed on the matching issue which impacts the ultimate valuation of repairs. If the Timberline shingles match the original shingles, only a partial roof replacement is required. If the Timberline shingles do not match the original shingles, a full roof replacement is required.

Because there is an ambiguity in the Appraisal Award, the Court must remand to the appraisal panel for clarification.  The Court instructs the appraisal panel to clarify (1) why the answers to these two questions are contradictory; and (2) whether any further clarification on this point has any additional impact on the award.[2]

## ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to resubmit the matter to the appraisal panel for reconsideration (Doc. No. [28]) is **GRANTED**.

2. The parties shall submit the appraisal award to the appraisal panel for further clarification consistent with this Order.

3. The parties shall file the appraisal panel's written response with the Court when it is received.

4. The Court **STAYS** this action pending the receipt of the appraisal panel's clarification.

Dated:  September 19, 2024            s/Donovan W. Frank
                                     DONOVAN W. FRANK
                                     United States District Judge

---

[2]   Defendant disputes whether the appraisal panel received evidence establishing that Timberline shingles were used in the 2022 sample repair and that those shingles were the same kind as the uninstalled sample that the panel observed at the hearing. (*See, e.g.*, Doc. No. 35 at 5–6.)  The Court does not address this evidentiary dispute and leaves this issue to the appraisal panel upon resubmission, if it deems that the issue needs to be addressed.