# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Jamestown Villas Homeowners Association, *a Minnesota non-profit corporation*,<br><br>    Plaintiff,<br><br>v.<br><br>State Farm Fire and Casualty Company, *an Illinois insurance company*,<br><br>    Defendant. | Civil No. 23-3475 (DWF/DLM)<br><br>**ORDER** |

This matter is before the Court on Defendant's request for permission to file a motion for reconsideration (Doc. No. 47) of the Court's Memorandum Opinion and Order dated September 19, 2024 (Doc. No. 39). Plaintiff opposes the request. (Doc. No. 48.) Defendant argues that the Court did not consider an argument and, regardless of the issues, the Court lacks the authority to seek clarification from the appraisal panel.

Under Local Rule 7.1(j), a party must show "compelling circumstances" to obtain permission to file a motion to reconsider. A motion to reconsider should not be employed to relitigate old issues, but rather to "afford an opportunity for relief in extraordinary circumstances." *Dale & Selby Superette & Deli v. U.S. Dep't of Agric.*, 838 F. Supp. 1346, 1348 (D. Minn. 1993).

First, while Defendant impliedly argued that the clarifications were not part of the award, that issue is irrelevant to the Court's decision. As the Court explained in its September Order, the parties sought the services of the appraisal panel not solely to

determine the value of the repairs, but also to decide the matching issue. (*See* Doc. No. 39 at 2, 5.) Inquiring into the matching issue does not delve into the *reasoning* behind the award because that issue is one of the questions the parties sought to resolve.

Second, the Court has not gone beyond its authority as Defendant suggests. The Court is following its duty as explained by the Eighth Circuit: "A reviewing court is 'prohibited from ignoring the ambiguity and summarily affirming the award.'" *Herll v. Auto-Owners Ins. Co.*, 879 F.3d 293, 296 (8th Cir. 2018) (quoting *Menahga Educ. Ass'n v. Menahga Indep. Sch. Dist. No. 821*, 568 N.W.2d 863, 869 (Minn. Ct. App. 1997)). The previous attempt at clarification with the appraisal panel was inadequate and only confirmed the Court's identification of an ambiguity. Without further attempt to clarify, the Court would violate its duty. The Court reminds Defendant that courts have "broad authority to instruct the Appraisal Panel to 'modify or correct the award.'" *Fenske v. Integrity Prop. & Cas. Ins. Co.*, No. 22-cv-679, 2023 WL 186595, at *4 (D. Minn. Jan. 13, 2023) (quoting Minn. Stat. § 572B.20(d)). Additionally, the Court has personal jurisdiction over the parties to order them to seek clarification from the appraisal panel.

Also before the Court are Defendant's objections (Doc. No. 46) to the Court's clarification form (Doc. No. 45-1). Given the objections and Defendant's additional concerns about the Court's authority, the Court has made slight modifications to the previously provided form. The updated form is attached to this Order.

Finally, the Court understands the parties' desire to resolve this matter, but it cannot do so at this stage without further attempt at clarification from the appraisal panel.

2

The Court hopes the parties will seriously consider settlement, as it would be in both their best interests.  The Court is happy to facilitate settlement of this matter, including pausing submission of the attached form to allow the parties to mediate or seek the assistance of the Magistrate Judge in settling this case.

    **IT IS HEREBY ORDERED** that:

1. Defendant's request for leave to file a motion for reconsideration (Doc. No. [47]) is **DENIED**.

2. The parties shall resubmit this matter to the appraisal panel for clarification using the attached form, which has been updated by the Court.

3. The parties shall file a letter with the Court to confirm that the form has been sent to the appraisal panel, attaching a copy of the correspondence between the parties and the appraisal panel.

4. The parties shall file a copy with the Court any other correspondence between them and the appraisal panel regarding this matter.

5. The parties shall file the appraisal panel's written response to the Court's form with the Court after it is received.

6. The Court **STAYS** this action pending the receipt of the appraisal panel's clarification or an order of the Court indicating otherwise.

Dated:  February 4, 2025                 s/Donovan W. Frank
                                                   DONOVAN W. FRANK
                                                   United States District Judge