UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jamestown Villas Homeowners
Association, *a Minnesota non-profit
corporation*,

          Plaintiff,

v.

State Farm Fire and Casualty Company,
*an Illinois insurance company*,

          Defendant.

Civil No. 23-3475 (DWF/DLM)

**MEMORANDUM
OPINION AND ORDER**

**INTRODUCTION**

This matter is before the Court on cross motions for summary judgment brought by Plaintiff Jamestown Villas Homeowners Association (the "Association") (Doc. No. 69) and Defendant State Farm Fire and Casualty Company ("State Farm") (Doc. No. 74). For the reasons set forth below, the Court grants summary judgment in favor of State Farm.

**BACKGROUND**

The Association is a residential common interest community association consisting of multiple condominium buildings in Eden Prairie, Minnesota. (Doc. No. 32 at 2.) In August 2020, a hailstorm damaged the roofs of some of the Association's buildings. (Doc. No. 12 at 6; Doc. No. 31 ¶ 4.) At the time of the storm, the Association had an insurance policy with State Farm (the "Policy"). (Doc. No. 12 at 6; Doc. No. 77-1 at 2.)

The Policy provides that following a loss, State Farm will "[r]epair, rebuild or replace the property with other property of like kind and quality." (Doc. No. 77-1 at 51.) As required by Minn. Stat. § 65A.26, if the parties disagree about the "amount of loss," the Policy allows either party to demand appraisal by an appraisal panel. (*Id.* at 50.) An appraisal panel consists of two appraisers, one selected by each party, and an umpire selected by the two appraisers. (*Id.*) The Policy provides that "[a] decision agreed to by any two will be binding." (*Id.*)

After initial inspection, the parties agreed that the roof valley metals were damaged by the hailstorm and would need to be replaced. (Doc. No. 31 ¶ 9.) This repair would also require replacing the undamaged shingles directly surrounding the roof valley metals. (*Id.*) Under the Policy, those replacement shingles needed to be "of like kind and quality" as the original shingles. The parties located potential matching[1] shingles through State Farm's Resource Locator Service: "GAF Timberline HDZ" ("Timberline") shingles in the color "Charcoal." (*Id.* ¶ 12.) After onsite comparison and a sample repair, the parties disagreed about whether the Timberline shingles matched the original shingles and thus disagreed about whether the Association was entitled to a partial or a full roof repair. (*Id.* ¶¶ 14-18.) The Association demanded an appraisal panel determine the amount of loss and the matching issue as allowed by the Policy. (*Id.* ¶ 19.)

---

[1]   State Farm seems to challenge whether the Policy's use of the phrase "of like kind and quality" requires color matching. (*See* Doc. No. 83 at 11 ("[T]he Panel exceeded its obligations by applying the most expansive coverage interpretation available, i.e., matching.").) The Court does not reach this coverage question, (*see infra* note 2), and uses the term "matching" merely for the sake of simplicity.

Following the parties' submission of evidence, an appraisal panel (the "Panel") held an appraisal hearing at the Association's buildings. (*Id.* ¶¶ 20-21; Doc. No. 25 ¶¶ 14-16.) The Panel issued its "Appraisal Award" on August 24, 2023, valuing the "Loss Replacement Cost" at $52,482.81 and "Loss Actual Cash Value" at $47,606.23. (Doc. No. 31 at 146-47.) Along with the one-page Appraisal Award, the Panel issued a few "clarification" documents. Clarification 1 contained two questions about whether the Timberline shingles matched the original shingles. One answer said the Timberline shingles matched, while the other said they did not match. (*Id.* at 147.) State Farm paid the Association based on the amount in the Appraisal Award. (*See* Doc. No. 71 ¶ 3, Ex. 1.) The Association believed it was entitled to the greater amount for a full roof repair, so it brought this action for breach of contract and declaratory judgment. (Doc. No. 1-1.)

The Association previously brought the matching issue to the Court's attention in a motion to resubmit to the Panel. (Doc. No. 28.) The Court granted that motion on September 19, 2024. (Doc. No. 39.) The Court found that the answers in Clarification 1 constituted an ambiguity that prevented it from summarily affirming the amount listed in the Appraisal Award. (*Id.* at 5-6.) Following the Court's order, the parties requested clarification from the Panel, which sent a short email response that merely confirmed the existence of an ambiguity. (Doc. No. 40-1.) The Court ordered the parties to resubmit the matter to the Panel once again but this time with a form drafted by the Court. (Doc. No. 49.) The parties did so and filed the responses from the Panel with the Court on March 20, 2025. (Doc. No. 54.) In the second set of clarifications, the Panel confirmed

3

that two of its members believe that the Timberline shingles match the original shingles, and so the correct amount of loss is the partial roof repair amount. (*See* Doc. No. 54-2 at 4; Doc. No. 54-4; Doc. No. 54-5 at 8.) This matter is now before the Court on the parties' cross motions for summary judgment. (Doc. Nos. 69, 74.)

## DISCUSSION

Summary judgment is proper if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Weitz Co. v. Lloyd's of Lond.*, 574 F.3d 885, 892 (8th Cir. 2009). The Court considers cross motions for summary judgment by drawing inferences against each movant as warranted. *See, e.g.*, *Wermager v. Cormorant Twp. Bd.*, 716 F.2d 1211, 1214 (8th Cir. 1983). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enter. Bank v. Magna Bank of Mo.*, 92 F.3d 743, 747 (8th Cir. 1996). A party's failure to establish an essential element of their case, one that party will bear the burden of proving at trial, mandates entry of summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

The parties' dispute centers around whether the Timberline shingles match the original shingles and the scope of the Court's review of the Panel's determination. The parties agree that whether the Timberline shingles matched the original shingles is a fact

question, not a coverage question.[2] (*See* Doc. No. 72 at 17 n.9; Doc. No. 76 at 14; Doc. No. 85 at 5; Doc. No. 86 at 10.) The parties also agree that this matching question is a question the Panel was tasked with deciding either as its own issue or as an issue necessary to determine the amount of loss. (*See* Doc. No. 72 at 4; Doc. No. 76 at 15; Doc. No. 86 at 10.)

An appraisal award is presumed valid and "will not be vacated unless it clearly appears that it was the result of fraud . . . or wrongdoing on the part of the appraisers." *Mork v. Eureka-Security Fire & Marine Ins. Co.*, 42 N.W.2d 33, 38 (Minn. 1950). When reviewing an appraisal award, courts defer to the appraisal panel's factual determination on the amount of loss or damages. *Cedar Bluff Townhome Condo. Ass'n, Inc. v. Am. Fam. Mut. Ins. Co.*, 857 N.W.2d 290, 296 (Minn. 2014). However, questions of liability or coverage under the policy are reserved for the courts. *Quade v. Secura Ins.*, 814 N.W.2d 703, 706 (Minn. 2012).

An appraisal panel will often have to answer incidental questions of law or fact to determine the amount of loss. *See id.* at 707. This may include questions like what caused the loss or whether there are matching materials available. *E.g.*, *id.* (cause); *Meadows of Bloomfield Ass'n v. State Farm Fire & Cas. Co.*, No. A22-1775, 2023 WL 5012219, at *2-3 (Minn. Ct. App. Aug. 7, 2023) (matching); *see also Trout Brook S. Condo. Ass'n v. Harleysville Worcester Ins. Co.*, 995 F. Supp. 2d 1035, 1040, 1044

---

[2]   The parties also agree that whether color matching was required under the Policy is a coverage question. (*See* Doc. No. 83 at 11; Doc. No. 85 at 5-6.) The Court does not reach this coverage question because the Panel clarified that it found a match.

(D. Minn. 2014) (finding that question of matching was never before appraisal panel and thus concluding there was a genuine issue of material fact for trial).  In such instances, courts typically defer to those additional factual findings made by the appraisal panel but will review any conclusion about coverage.  *See Meadows of Bloomfield*, 2023 WL 5012219, at *4 (finding lower court did not err by deferring to appraisal panel's factual finding on matching but reviewing appraisal panel's interpretation of insurance policy).

As a preliminary matter, the Association has not demonstrated any fraud or wrongdoing on the part of the appraisers, so the Court presumes the Appraisal Award is valid.  Accordingly, the Court will defer to the Panel's factual determinations made incident to its determination of the amount of loss.  The Panel's most recent clarifications allow the Court to resolve the ambiguity it found in the original Appraisal Award.  The Panel found that the Timberline shingles match the original shingles and thus awarded a replacement cost of $52,482.81 and actual cash value of $47,606.23.  The question of matching was specifically before the Panel and encompassed by its determination of the amount of loss.

There are no coverage questions remaining for the Court to answer because even when construing the Policy to require color matching, the Association's claims fail as a matter of law.  State Farm has paid the Association based on the correct amount of loss and does not owe any additional money.[3]  As such, the Association cannot show that

---

[3]   There is a slight difference in the amount paid by State Farm and the amount awarded in the Appraisal Award.  The parties confirmed at the August 29th hearing that State Farm does not owe any additional money if the Court adopts State Farm's position on matching and the amount of loss.

6

State Farm breached the contract or that the Association is entitled to declaratory judgment vacating or clarifying the Appraisal Award. There is no dispute regarding any other material facts and State Farm is entitled to judgment as a matter of law. Accordingly, the Court grants summary judgment in favor of State Farm and dismisses the Association's claims with prejudice.

## ORDER

Based upon the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1. Plaintiff Jamestown Villas Homeowners Association's motion for summary judgment (Doc. No. [69]) is **DENIED**.

2. Defendant State Farm Fire and Casualty Company's motion for summary judgment (Doc. No. [74]) is **GRANTED**.

3. Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 25, 2025         s/Donovan W. Frank
                                  DONOVAN W. FRANK
                                  United States District Judge